Frank MARRONE, Appellant,

v.

STATE of Alaska, Appellee.

No. 3504.

Supreme Court of Alaska.

July 28, 1978.

---

Larry Bunn, Legal Intern, Sue Ellen Tatter, Asst. Public Defender, Brian C. Shortell, Public Defender, Anchorage, for appellant.

Glen C. Anderson, Asst. Atty. Gen., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

## OPINION

PER CURIAM.

In our decision in *Marrone v. State*, 458 P.2d 736 (Alaska 1969), the issues presented here were raised and ruled upon. The superior court's denial of postconviction relief was proper under our previous decision in this case.

The judgment is affirmed.

RABINOWITZ, Justice, concurring.

Although I agree with the conclusion that the superior court's disposition should be affirmed, I have reservations concerning the appropriateness of announcing our decision by employing a short form memorandum opinion.

In the instant appeal, appellant Frank Marrone has raised two issues. First, he contends that his Alaska sentence for murder in the second degree should be held to run concurrently with the concurrent life sentences he received in California for kidnapping and conspiracy to commit kidnapping. Secondly, appellant argues that he should be given credit on his Alaska sentence for the time he served in California on the concurrent life sentences.

In my view, the first issue was adequately treated in *Marrone v. State*, 458 P.2d 736 (Alaska 1969). As to the second issue, this was discussed in our previous decision only to the extent that we declared that the superior court's sentence which made Marrone's Alaska sentence run consecutively to the California sentences was not cruel and unusual punishment. It is this sentence credit issue which I think is deserving of fuller treatment. Nevertheless, I can agree to this court's sustaining the superior court's rejection of Marrone's arguments. For in my view, the provisions of AS 11.05.-040(a)[1] bar granting the credit Marrone seeks. Additionally, sentencing criteria articulated in *State v. Chaney*, 477 P.2d 441 (Alaska 1970), and its progeny preclude retroactive credit for the time Marrone served in California.

---

1. 11.05.040(a) provides:

*Computation of term of imprisonment and stay.* When a person is sentenced to imprisonment, his term of confinement begins from the day of his sentence. A person who is sentenced shall receive credit toward service of his sentence for time spent in custody pending trial or sentencing, or appeal, if that detention was in connection with the offense for which sentence was imposed. The time during which the person is voluntarily absent from the penitentiary, reformatory, jail, or from the custody of an officer after his sentence, shall not be estimated or counted as a part of the term for which he was sentenced.